## WATKINS NATIONAL BANK v. POLK *et al.*

No. 3825.  Opinion Filed February 16, 1915.

Rehearing Denied April 27, 1915.

(147 Pac. 1011.)

**APPEAL AND ERROR—Defective Brief—Dismissal.** Appeal dismissed for failure to comply with rule 25 of the Supreme Court (38 Okla. x, 137 Pac. xi).

(Syllabus by the Court.)

*Error From District Court, Murray County;*
*R. McMillan, Judge.*

Action by the |Watkins National Bank against T. Polk and others. Plaintiff, being dissatisfied with the amount of a judgment in its favor, brings error. Dismissed.

*S. D. Bishop* and *H. W. Fielding,* for plaintiff in error.

*Emanuel & Broadbent,* for defendants in error.

KANE, C. J.  This was an action upon several promissory notes, aggregating some $1,200 or $1,500. There were numerous defenses interposed below, among which may be mentioned partial payment, bar of the statute of limitations, etc., and a cross-petition was also filed, wherein damages growing out of the same transaction were claimed.  Upon trial to a jury there was a verdict for the plaintiff in the sum of $758.27, upon which judgment was duly entered, whereupon the plaintiff, being dissatisfied with the amount of the judgment, instituted this proceeding in error, whereby he seeks to have reviewed certain actions of the trial court.

There are numerous errors assigned; but, on account of failure of counsel to comply with rule 25 (38 Okla. x,

137 Pac. xi) of this court, we decline to review any of them. The following is a sample of the errors assigned as they appear in the brief of counsel:

"That the said court erred in admitting incompetent and improper evidence over the objections and exceptions of the plaintiff in error, as will more fully appear by reference to the following, among other pages of said case-made: Pages 42, 43, 76, 78, 96, 117, 136, 157."

Then follow assignments of error numbered from 1 to 18, inclusive, after which counsel say:

"Plaintiff in error submits each of above assigned errors as propositions within themselves, and in support thereof respectfully calls the court's attention to the record as heretofore cited," etc.

Further on in their brief counsel continue:

"We will now refer the court to the record: It will be observed that the plaintiff in error throughout the trial in the lower court made every objection known to the procedure of the court against this unfounded claim of defendant in error for the damages sued on in his cross-petition; objected to the court allowing defendant in error to amend his cross-petition by setting up a new and different defense and cause of action (see case-made, 56, 174, 175, 176); objected to the introduction of evidence under said cross-petition (case-made, 175, 176); objected to the introduction of incompetent and improper evidence under said cross-petition (case-made, 60, 61, 62, 63, 78, 79, 80, 88, 89, 90, 100, 101); moved to strike out such incompetent evidence (case-made, 63, 117); objected to defendant, after plaintiff in error had rested its case, changing the word 'induced' to 'commanded,' as shown by case-made p. 28; demurred to the evidence of defendant in error under said counterclaim (see case-made, p. 117); excepted to instructions by the court to the jury with reference to said damages (case-made, 160, 161, 162.)"

Rule 25 requires that:

"The brief of the plaintiff in error in all cases shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings,

47—9

facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court. * * * ;Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony, to the admission or rejection of which he objects, stating specificallly his objection thereto. Also where a party complains of instructions given or refused, he shall set out *in totidem verbis* in his brief separately the portion to which he objects or may save exceptions. * * * The brief shall contain the specifications of errors complained of, separately set forth and numbered, the argument and authorities in support of each point relied on, in the same order, with strict observance of rule 7 [38 Okla. vi, 137 Pac. ix]."

There has been no attempt on the part of counsel to comply with the rule in any of the foregoing particulars.

For the reason stated, the appeal must be dismissed.

All the Justices concur.